**Lindsworth BROWN–SESSAY,**
**Petitioner**

v.

**ATTORNEY GENERAL OF**
**the UNITED STATES of**
**America, Respondent.**

No. 12–3598.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 22, 2013.

Opinion filed: May 28, 2013.

---

Lindsworth Brown–Sessay, Newark, NJ, pro se.

Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Lindsay M. Murphy, Esq., Nicole Prairie, Esq., United States Department of Justice, Washington, DC, for Respondent.

Before: SCIRICA, JORDAN and GREENBERG, Circuit Judges.

## OPINION

PER CURIAM.

Lindsworth Brown–Sessay ("Sessay")[1] petitions for review of the Board of Immigration Appeals' ("BIA") August 24, 2012 decision upholding the Immigration Judge's ("IJ") decision ordering Sessay's removal to Jamaica. While this case was at the briefing stage, Sessay moved the BIA to reopen his removal proceedings. The BIA subsequently granted that motion and remanded the administrative record to the IJ for further proceedings.

In light of the BIA's grant of reopening, both parties now argue that Sessay's petition for review should be dismissed for lack of jurisdiction. We agree. Our jurisdiction under 8 U.S.C. § 1252(a)(1) is limited to the review of "final order[s] of removal." Although the BIA's August 24, 2012 decision constituted a final order of removal at the time Sessay filed his petition, the BIA's subsequent grant of reopening effectively vacated that decision. See Bronisz v. Ashcroft, 378 F.3d 632, 637 (7th Cir.2004); Lopez–Ruiz v. Ashcroft, 298 F.3d 886, 887 (9th Cir.2002) (order).

1. Brown–Sessay's filings refer to himself as "Sessay," and we will do the same here.

2. Sessay's brief, filed before the BIA's grant of reopening, included requests for miscellane-

Because there is no longer a final order of removal before us, we will dismiss Sessay's petition for lack of jurisdiction.[2]

ous relief. To the extent Sessay continues to seek that relief, those requests are hereby denied.